UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **DEREK MORTLAND**, | ) | Case No. 1:26-cv-213 |
| Plaintiff, | ) | |
| v. | ) | Judge: |
| **CHISTI MANAGEMENT LLC.,** an Ohio limited liability company, | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Derek Mortland, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant Chisti Management LLC., an Ohio limited liability company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendants as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions

1

to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Southern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendants' property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Derek Mortland ("Plaintiff" or "Mr. Mortland") is a Franklin County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant Chisti Management LLC. owns and/or operates a hotel located at 4421 Aicholtz Rd., Cincinnati, OH 45245 known as Comfort Inn & Suites Cincinnati Eastgate in Clermont County.

6. Plaintiff has patronized Defendant's property previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

7. The hotel owned and operated by the Defendant was originally built in 2001 by the Defendant Chisti Management LLC. (or its predecessor) and underwent extensive renovation and alteration by the Defendant Chisti Management LLC. (or its predecessor) which concluded in 2025 and is non-compliant with the remedial provisions of the 1991 ADA Standards for Accessible Design or 2010 ADA Standards as applicable for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA to all new construction and altered public accommodation areas

      is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable

7. The facility owned or operated by the Defendants Chisti Management LLC., is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

8. Mr. Morland is an individual diagnosed with spinal paralysis and permanently uses a wheelchair for mobility. As such, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Mr. Mortland is employed as an ADA speaker, consultant, expert and ADA coordinator, with one aspect of his expertise focusing on inspection of places of public accommodation for ADA compliance and in that capacity has consulted for the State of Ohio and private clients in throughout Ohio. On this occasion he was in the immediate area conducting surveys for the Ohio Department of Transportation.

10. On or about May 13-14, 2024, Plaintiff was an overnight guest at the Defendant's hotel as bona fide guest while on business in the area. He plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of

public accommodation.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the Comfort Inn & Suites Cincinnati Eastgate hotel, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes & Parking

   A. The hotel does not have the required number of designated accessible parking spaces, in violation of the ADA and section 208.2 of the 2010 Standards and 1991 ADAAG section

    4.1.2, whose remedy is strictly required or, at minimum, readily achievable.

B.  There are no designated van accessible parking spaces, in violation of the ADA and section 208.2.4 of the 2010 Standards and 1991 ADAAG Section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

C.  Designated accessible parking signage is entirely lacking, in violation of the ADA and section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required, or at minimum, readily achievable.

D.  The designated accessible parking space(s) entirely lacks a marked access aisle, in violation of the ADA and section 502.3 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

E.  There is not an accessible route from the designated accessible parking space to the entrance, in violation of the ADA and sections 206.2.1 and 502.3 of the 2010 Standards and 1991 ADAAG sections 4.1.2, 4.3.2, and 4.6.3 whose remedy is strictly required or, at minimum, readily achievable.

**Access to Goods and Services**

F.  Amenities and items in the breakfast area are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

G.  There are no accessible dining surfaces in the breakfast area, in violation of the ADA and Section 226.1 of the 2010 Standards and 1991 ADAAG section 5.1, whose remedy is strictly required or, at minimum, readily achievable.

H.  The adaptive pool lift is not powered, rendering it inoperable, and not otherwise available for independent use by hotel patrons, in violation of the ADA Sections 242.2 and 1009.2

of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

I. The pool entrance door exceeds 5lbs of force to operate, in violation of the ADA and Section 404.2.9 of the 2010 Standards and 1991 ADAAG section 4.13.11, whose remedy is strictly required or, at minimum, readily achievable.

J. The pool area lacks required signage, in violation of the ADA and sections 216.2 and 703.4.2 of the 2010 Standards and 1991 AGAAG sections 4.30.4, 4.30.6 and 4.30.7, whose remedy is strictly required or, at minimum, readily achievable, whose remedy is strictly required or, at minimum, readily achievable.

K. The door hardware on the pool door requires tight grasping or twisting to operate, in violation of the ADA and Section 309.4 of the 2010 Standards and 1991 ADAAG section 5.1, whose remedy is strictly required or, at minimum, readily achievable.

**Lobby Restrooms**

L. Signage for the lobby restrooms is not located as required and lacks the international symbol of accessibility, in violation of the ADA section and sections 216.8 and 703.4.2 of the 2010 Standards and 1991 AGAAG sections 4.30.4, 4.30.6 and 4.30.7, whose remedy is strictly required or, at minimum, readily achievable whose remedy is strictly required, or at minimum, readily achievable.

M. The men's restroom lavatory lacks required knee and toe clearance, in violation of the ADA and section 606.2, 306.2, and 306.3 of the 2010 Standards and 1991 ADAAG section 4.19.2 and Fig. 31, whose remedy is strictly required or, at minimum, readily achievable.

N. The men's restroom toilet paper dispenser is not mounted 7 inches minimum and 9 inches

maximum in front of the toilet measured to the centerline of the dispenser, in violation of the ADA and section 604.7 of the 2010 Standards and 1991 ADAAG section 4.16.6 whose remedy is strictly required or, at minimum, readily achievable.

O. The men's restroom rear wall grab bar is not 36" minimum in length as required, in violation of the ADA section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly required or, at minimum, readily achievable.

P. The men's restroom the water closet is not located 16 to 18 inches from the side wall or partition measured to its centerline, in violation of the ADA and Section 604.2 of the 2010 Standards and 1991 ADAAG Section 4.16.2, whose remedy is strictly required or, at minimum, readily achievable.

Q. The men's restroom the side grab bar is out of compliance, is not 42 inches long minimum and does not extend 54 inches minimum from the rear wall and is also mounted in excess of 36 inches above the floor to the top of the gripping surface, in violation of the ADA section 604.5.1 of the 2010 Standards and 1991 ADAAG section 4.16.4 whose remedy is strictly required or at minimum is readily achievable., in violation of the ADA section 604.5.1 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is readily achievable.

R. The men's restroom toilet compartment door lacks door pulls on both sides, requires tight grasping or twisting to operate, and does not automatically close, in violation of the ADA and section 604.8.1.2 of the 2010 Standards and 1991 ADAAG section 4.17.5, whose remedy is strictly required or, at minimum, readily achievable.

S. The men's restroom wall-hung urinal is mounted too high, in violation of the ADA and section 605.2 of the 2010 Standards and 1991 ADAAG Section 4.18.2, whose remedy is

strictly required or, at minimum, readily achievable.

T. In the men's lobby restroom, the coat hook inside the compartment is mounted too high and out of the maximum reach range of 48" to its operable parts above the finished floor, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

U. In the men's lobby restroom, the mirror exceeds 40 inches in height from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or, at minimum, readily achievable.

V. The women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable. A survey of the restroom is necessary.

**Mobility Accessible Guestroom No. 102 Fitted with Bathtub**

W. The sign on the door providing directional and information is noncompliant, in violation of the ADA and Section 216.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

X. The entrance door lacks compliant maneuvering clearance at the latch side to exit, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

Y. Door locking hardware is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and Section 4.2.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Z. Amenities including the closet rod and shelf and iron, are located above allowable reach

8

range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and Section 4.2.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

AA. The bathtub controls are not located between the rim of the tub and the centerline, in violation of the ADA and Section 607.5 of the 2010 Standards and 1991 ADAAG Section 4.20.5, whose remedy is strictly required or, at minimum, readily achievable.

BB. The shower sprayer is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and Section 4.2.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

CC. The bathroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

DD. The robe hook on the door is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and Section 4.2.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

EE. The bathroom door swings into the required clear floor space around the water closet, in violation of the ADA and Section 604.3.1 of the 2010 Standards and Section 4.22.2 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

FF. The rear grab bar around the water closet does not meet required length and is not mounted as required, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly required or, at minimum, readily achievable.

GG. A side grab bar around the water closet is entirely missing, in violation of the ADA section 604.5.1 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly required or, at minimum, readily achievable.

HH. The toilet paper dispenser is not mounted in the required location, in violation of the ADA and section 604.7 of the 2010 Standards and 1991 ADAAG section 4.16.6 whose remedy is strictly required or, at minimum, readily achievable.

II. The bathroom mirror is located over 40 inches from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or, at minimum, readily achievable.

Mobility Accessible Guestrooms Generally

JJ. Derek Mortland believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel similar to those experienced by the Plaintiff in guestroom number 102 the removal of which is strictly required and or is at minimum readily achievable. Further inspection of these rooms is required.

Type and Number of Designated Accessible Guestrooms

KK. The Comfort Inn & Suites Cincinnati Eastgate has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 72 guestrooms such as this Comfort Inn & Suites Cincinnati Eastgate, a minimum of three mobility accessible guestrooms without a roll-in shower is required and a minimum of one mobility accessible guestroom with a roll-in shower is required, totaling four (4) designated mobility accessible guestrooms. This is in violation of the

ADA and section 224.2 of the 2010 Standards and section 9.1.2 of the 1991 ADAAG whose remedy is strictly required or, at minimum, readily achievable.

LL. The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers numerous different types of rooms and various bed arrangements including 1 King Bed economy room, 2 Double Beds, 1 King Bed, 1 Bedroom Suite, 2-Person Sofabed, and 1 King Bed, 1 Room Suite with 2-person hot tub. These rooms offer different square footages, amenities and widely varied price points. However, guests who require mobility accessible accommodations are restricted to a king room with accessible tub, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and section 224.5 of the 2010 Standards and section 9.1.4(1) of the 1991 ADAAG whose remedy is strictly required or, at minimum, readily achievable.

MM. There is no mobility accessible guestroom with a roll-in shower, whereas a minimum of one is required, in violation of the ADA and section 224.2 of the 2010 Standards and section 9.1.2 of the 1991 ADAAG whose remedy is strictly required or, at minimum, readily achievable.

Policies and Procedures

NN. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

OO. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Derek Mortland.

PP. The Defendant's inadequate policies and procedures include an absence of emergency evacuation plans for the Defendant's guests with varying types of disabilities who may require an added duty of care and pre-planning. As such, guests with mobility impairments including Derek Mortland, struggle to address the existing barriers to accessibility on the property and suffer additional risk in the event of an emergency and proper emergency evacuation plans are required.

15. The discriminatory violations described in Paragraph 14 by Defendant Chisti Management LLC., are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The hotel at issue, as owned and operated by Defendant Chisti Management LLC., constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to bring their place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 *et seq.*

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

13

22. The Defendant, Chisti Management LLC., owns or operates a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

23. Defendant has committed unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. To wit, the hotel lacks compliant amenities in it mobility accessible restrooms, most importantly showers for bathing, for use by disabled guests, and also lacks safe and accessible routes from the accessible parking to the hotel entrances. The mobility accessible guest rooms have no required roll-in shower. The public restrooms are replete with non-compliant accessibility features.

24. The Defendant's acts are willful, severe and ongoing.

25. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this property unless it would be structurally impracticable or at minimum to make such readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an

amount to be determined at trial, but in any event not less than $25,000, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

    Respectfully Submitted,

    *Counsel for Plaintiff*:

    /s/ Owen B Dunn Jr.
    Owen B. Dunn, Jr., Esq. (0074743)
    Law Offices of Owen Dunn, Jr.
    The Offices of Unit C
    6800 W. Central Ave., Suite C-1
    Toledo, OH 43617
    (419) 241-9661 – Phone
    (419) 241-9737 – Facsimile
    Monroe, MI (734) 240-0848
    Email: obdjr@owendunnlaw.com